IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXIMO MARTINEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2122-L |
| | § | |
| SHERIFF LUPE VALDEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Maximo Martinez, a Texas prisoner, challenging the conditions of his confinement at the Dallas County Jail. On November 13, 2006, plaintiff filed a three-page handwritten complaint[1] and an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. On February 23, 2007, the court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." No answers were filed. The

---

[1] Plaintiff later clarified the nature of his claims in an amended complaint filed on December 15, 2006.

interrogatories were remailed to plaintiff on March 23, 2007. Once again, plaintiff was warned that the failure to serve interrogatory answers within 20 days "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." To date, plaintiff still has not answered the interrogatories.[2] The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff over two months ago. Plaintiff has not answered the interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the

---

[2] On April 4, 2007, the court received a letter from plaintiff asking for a copy of the interrogatories in Spanish or the assistance of a Spanish language interpreter. Both requests were denied. *See* Order, 4/5/07, *citing Guzman v. Dretke*, No. 3-05-CV-0954-L, 2006 WL 36858 at *1 n.1 (N.D. Tex. Jan. 4, 2006) (denying request to correspond with prisoner in Spanish). Despite denying his request for assistance, the court extended the deadline for plaintiff to answer the interrogatories until April 19, 2007. Plaintiff was warned, for a third time, that the failure to serve interrogatory answers "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *Id.*

defendant. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer magistrate judge's interrogatories).

## RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE